

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 29, 1965

Honorable Homer Garrison, Jr.
Director
Texas Department of Public
  Safety
Austin, Texas

Opinion No. C-553

Re: Various questions rela-
    tive to court judgments
    granting probation under
    the provisions of Acts
    59th Legislature, Chap-
    ter 717, Section 2, page
    1663.

Dear Sir:

        Your letter of September 2, 1965, requested an opinion
of this department relative to revocation and/or suspension of
driver's license under Section 22(a) of Article 6687b, Vernon's
Civil Statutes, as amended by Senate Bill No. 498, Acts 59th
Legislature, 1965, Chapter 717, which reads as follows:

>         "'When under Section 10 of this Act the Di-
> rector believes the licensee to be incapable
> of safely operating a motor vehicle, the Di-
> rector may notify said licensee of such fact
> and summons him to appear for hearing as pro-
> vided hereinafter.  Such hearing shall be had
> not less than ten (10) days after notification
> to the licensee or operator under any of the
> provisions of this Section, and upon charges
> in writing a copy of which shall be given to
> said operator or licensee not less than ten
> (10) days before said hearing.  For the pur-
> pose of hearing such cases jurisdiction is
> vested in the mayor of the city, or judge of
> the police court, or a justice of the peace
> in the county or subdivision thereof where
> the operator or licensee resides.  Such court
> may administer oaths and may issue subpoenas
> for the attendance of witnesses and the pro-
> duction of relative books and papers.  It shall
> be the duty of the court to set the matter for
> hearing upon ten (10) days' written notice to
> the Department.  Upon such hearing, the issues
> to be determined are whether the license shall
> be suspended or whether the license shall be

> revoked, and, in the event of a suspension,
> <u>the length of time of the suspension, which</u>
> <u>shall not exceed one (1) year.</u> The officer
> who presides at such hearing shall report the
> finding to the Department which shall have
> authority to suspend the license for the
> length of time reported; provided, however,
> that in the event of such affirmative find-
> ing, the licensee may appeal to the county
> court of the county wherein the hearing was
> held, said appeal to be tried de novo. No-
> tice by registered mail to address shown on
> the license of licensee shall constitute ser-
> vice for the purpose of this Section.' (Empha-
> sis added)"

Your letter sets forth examples of judgments which have been entered suspending an operator's license pursuant to Section 22(a) of Article 6687b, which have notations of "probation" or "judgment held in abeyance for 90 days" added at the end of the judgment.

In your request you have directed four questions to this department relative to the above as follows:

(1) Whether or not the Department of Public Safety is required to honor the probation as ordered by the judge?

(2) Who has the responsibility of determining whether or not the probationer has satisfied his period of probation?

(3) Assuming the probationer has violated his probation should the Department at that time act to suspend the license period as set by the judge?

(4) Assuming the probation ends satisfactorily should the judge inform the Department that no period of suspension is required by substituting a new judgment or order?

Article 6687b, Section 22(a), Revised Civil Statutes of Texas, as amended by Senate Bill No. 498, Acts 59th Legislature, 1965, Chapter 717, does not authorize probation of license suspension or revocation. Nor is any provision made in Vernon's Code of Criminal Procedure for the granting of probation in such cases. The other three questions are inapplicable as probation is unauthorized under the aforementioned article.

## SUMMARY

Probation cannot be granted under Article 6687b, Section 22(a), Revised Civil Statutes of Texas, as amended by Senate Bill No. 498, Acts 59th Legislature, 1965, Chapter 717.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: THOMAS W. MACK
Assistant Attorney General

TWM/br

APPROVED:

OPINION COMMITTEE

W. O. Shultz, Chairman
Ivan Williams
George Black
Robert Flowers
Sam L. Kelley

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright